IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ESTENDERLY MARTE POLANCO,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
Field Office Director, ICE;
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT; and
Acting United States Attorney General,

Respondents.

Case No. 26-3286-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner filed her petition on August 5, 2026. The Court ordered expedited briefing, and respondents filed an answer to the petition, but petitioner did not file a reply brief by the ordered deadline; accordingly, the matter is ripe for ruling.

Petitioner claims that her detention without an individualized bond hearing violates due process; and she also cites a case in which the Second Circuit held that an alien who has been detained after a period of time in the United States is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but is instead subject to detention under 8 U.S.C. §

1226(a), which allows for discretionary release on bond. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *pet. for cert. filed* (U.S. July 23, 2026). Respondents have submitted evidence, however, showing that on July 24, 2026, petitioner received a hearing in immigration court on the merits of her request for release on bond, at which the immigration judge denied the request based on a finding that petitioner remained a danger to the community. Accordingly, because petitioner has not in fact been detained without the opportunity for a bond hearing, the Court denies her claims.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] Petitioner claims in the petition that she is entitled to a bond hearing at which the Government bears the burden of proof under a clear-and-convincing-evidence standard. Both this Court and the Tenth Circuit, however, have declined to impose such a standard in ordering bond hearings for aliens unlawfully detained under Section 1225(b)(2). *See Santillanes Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Moreover, petitioner has not cited any authority supporting the position that due process requires such a burden of proof in bond hearings under Section 1226(a). The Court therefore denies any claim that her bond hearing was not sufficient.